IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIE NED FARR, SR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:24-CV-90 |
| | § | |
| COURTNEY TRACY PONTHLER, *et al.*, | § | |
| | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Willie Ned Farr, Sr., an inmate currently confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants State Prosecutor Courtney Tracy Ponthler, Sheriff Robert J. Burby, Jessie C. Dorsey, Probation Officer Raymond Koshuh, Judge Craig Mixson, and attorney Michael S. Ratcliff.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff filed this complaint on May 6, 2024, alleging constitutional violations as it relates to his underlying conviction (doc. #1). Plaintiff alleges the following specifically:

> On June 8, 2022, I hired, Jessie C. Dorsey, to haul a scrap load to Jasper, Texas who stole my money, and went and file[d] a false report saying I took a 9 mm gun, cell phone, money from her at my home address of 10913 FM 1416. Willie F. Anderson was a witness [ ] and Booker T. Miles [ ]. Raymond Koshuh violated probation from lies of Jessie C. Dorsey, also Sheriff Robert J. Burby called his office in Kirbyville, Texas informing him to arrest me when I reported to his office. Booker T. Miles will

> give a sworn affidavit to this.  Paid probation fees with U.S. debit treasure card, U.S. Postal money order Kirbyville, Texas Post Office.

*Id*.  As to each defendant individually, Plaintiff states: (1) Defendant Ponthler engaged in malicious prosecution, depriving Plaintiff of his liberty by knowingly using false testimony to obtain a "tainted" conviction;" (2) Defendant Burby "illegally" arrested and detained him numerous times; (3) Defendant Dorsey willfully lied to the sheriff until Plaintiff's liberty was taken; (4) Defendant Koshuh gave false testimony relating to probation violations; (5) Defendant Mixson committed trial court errors; and (6) Defendant Ratcliff was ineffective as court appointed counsel.

For relief, Plaintiff requests a temporary restraining order "without notice to the adverse parties," release from prison and civil damages.  Plaintiff filed an application to proceed *in forma pauperis* along with his original complaint.

## Standard of Review

A lawsuit shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if the action or appeal is (1) frivolous or malicious or (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases.  *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) (not designated for publication) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam)).  The Supreme Court has considered when a complaint is frivolous.  In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact."  The Court

went on to say that a claim is legally frivolous under § 1915 when it is based on "an indisputably meritless legal theory." *Id*. at 327; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

## Analysis

### State Actor

Plaintiff describes Defendant Dorsey as the accuser related to his underlying criminal complaint. Based on these factual allegations, Defendant Dorsey cannot be considered a state actor. To state a civil rights claim under § 1983, a plaintiff must allege facts showing that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The requirement to show the defendant violated his rights while acting under color of state law

means the defendant must be a state actor. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Private individuals are not state actors subject to suit under § 1983 unless their conduct is "fairly attributable to the state." *Moody*, 868 F.3d at 352; *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Section 1983 provide a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law. 42 U.S.C. § 1983. Anyone whose conduct is 'fairly attributable to the State' can be sued as a state actor under § 1983."). To establish fair attribution to the State,

> [T]he plaintiff must show (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

*Moody*, 868 F.3d at 352 (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 432 (5th Cir. 2004)). As Plaintiff's complaint is devoid of any factual details supporting a theory that Defendant Dorsey's conduct was fairly attributable to the state, Plaintiff's claims against Defendant Dorsey should be dismissed for failure to state a claim and as frivolous.

Similarly, Plaintiff's claims against Defendant Ratcliff as his court appointed attorney should be dismissed. Neither public defenders nor appointed or retained private defense attorneys act under color of state law when performing a lawyer's traditional function in representing a criminal defendant. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Public Defender's Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing claims against a county's public defenders "because they are not state actors for

§ 1983 purposes"). As a court appointed attorney, Defendant Ratcliff was not acting "under color of state law" while representing Plaintiff. Plaintiff's claims against Defendant Ratcliff should be dismissed for failure to state a claim and as frivolous.

Monetary Damages

Plaintiff's challenges his conviction and seeks relief from confinement in addition to monetary damages. Plaintiff has no federal civil rights action for his current custody until the his conviction is declared unlawful in the criminal proceedings.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court explained as follows:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.

Because Plaintiff's allegations imply the invalidity of his conviction and sentence and because his custody has not been declared unlawful in the criminal proceedings, his civil rights action is barred by *Heck*. *See Cougle v. County of Desoto, Mississippi*, 303 F. App'x 164 (5th Cir. 2008); *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995).

The *Heck* rule also applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Wilkinson v. Dotson*, 544 U.S. 74,

81-82 (2005) (noting that *Heck* and *Balisok* "taken together, indicate that a . . . prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). *See also Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

A monetary judgment or equitable relief in favor of Plaintiff on the claims asserted herein would necessarily implicate and call into question the validity of Plaintiff's conviction and the punishment imposed therein. Plaintiff has failed to demonstrate that a proceeding relating to the duration of his confinement has already been invalidated. Accordingly, to the extent Plaintiff asserts claims for damages relating to this claim, they are barred by *Heck* and are not cognizable under 42 U.S.C. § 1983 at this time. These claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). Pursuant to the *Younger* abstention doctrine, this court should abstain from exercising jurisdiction over Plaintiff's claims for injunctive relief and they should be dismissed without prejudice. *Id*. at 424 (citing *Alexander v. Ieyoub*, 62 F.3d 709 (5th Cir. 1995)).

<u>Immunity</u>

Even if Plaintiff were able to overcome the potential *Heck* bar, Defendant Mixson is entitled to absolute immunity. "[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Thus, the Court has described immunity as a threshold question to be resolved early in the proceedings as possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991).

The Supreme Court has held that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In the present case, Plaintiff complains that Defendant Mixson committed various trial court errors while presiding over his criminal trial. These are allegations against Defendant Mixson in his judicial capacity. As such, he is absolutely immune from any claim for damages liability which Plaintiff may raise and Plaintiff's claims against him should be dismissed.

Criminal prosecutors also enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). As the Supreme Court reaffirmed:

> [A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ....

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Prosecutorial immunity applies to Defendant Ponthler's actions in initiating the prosecution and in carrying the case through the judicial process. *Wearry v. Foster*, 33 F.4th 260, 265-66 (5th Cir. 2022); *Graves*, 1 F.3d at 318. Based on the foregoing, Plaintiff's claims against Defendant Ponthler should be dismissed based on absolute immunity.

<u>Recommendation</u>

This civil rights lawsuit should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim and as frivolous.

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 13th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE